UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:15-cr-00186-GZS |
| KARIM DAVIS, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Before the Court is Defendant's Motion for a Reduction in Sentence (ECF No. 101). Having reviewed this Motion, along with all of the other related filings (ECF Nos. 103-105) and the entire docket, the Court DENIES Defendant's Motion.

**I.    LEGAL STANDARD**

A defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) must prove that he has exhausted available administrative remedies and that there are "extraordinary and compelling" reasons that presently warrant a reduction in his sentence. See 18 U.S.C. § 3582(c)(1)(A)(i). In determining what qualifies as extraordinary and compelling, the Court generally considers whether "the defendant's situation constitutes the type of extreme hardship that the compassionate-release statute is designed to ameliorate." United States v. Saccoccia, No. 20-2045, 2021 WL 3660814, at *2 (1st Cir. Aug. 18, 2021) (cleaned up).

This Court has frequently looked to U.S.S.G. § 1B1.13 & Application Note 1 in making a determination of whether a defendant presents extraordinary and compelling circumstances. However, as the First Circuit has recently acknowledged, "the overwhelming majority of the courts

of appeals" have now held that U.S.S.G. § 1B1.13 should not be viewed as limiting the reasons that the Court might consider extraordinary and compelling when a defendant brings a motion under 18 U.S.C. § 3582(c)(1)(A). Saccoccia, 2021 WL 3660814, at *5 (collecting cases). While the First Circuit has not explicitly adopted this approach, it has assumed without deciding that "a court adjudicating a prisoner-initiated motion for compassionate release may go beyond the confines of the Sentencing Commission's current policy guidance . . . in determining whether a particular circumstance or set of circumstances constitutes an extraordinary and compelling reason to grant the motion." Id. Given this backdrop, the Court reviews the entire record to consider whether a defendant presents any extraordinary and compelling reasons for a sentence reduction.

If the Court finds a defendant has established extraordinary and compelling reasons to reduce his sentence, the Court must next consider any applicable factors found in 18 U.S.C. § 3553(a). See id. at *6 (explaining that "section 3553(a) factors may serve as an independent basis for a district court's decision to deny a compassionate-release motion"); see also, e.g., United States v. Almeida, No. 2:11-cr-00127-DBH, 2021 WL 22332, at *2 (D. Me. Jan. 4, 2021) (denying compassionate release based on § 3553(a) factors after finding that defendant's medical conditions qualified as extraordinary and compelling in light of the COVID-19 pandemic).

**II.    DISCUSSION**

Defendant Karim Davis, now 47 years of age, has served approximately half of his 151-month sentence. He is currently listed as Physical Care Level 2 (Stable, Chronic Care)/Mental Health Care Level 1 by Bureau of Prisons (BOP). Davis is serving his sentence at USP Lewisburg and has an estimated release date of May 26, 2026. Currently, USP Lewisburg is reporting no confirmed active COVID-19 cases among inmates and one confirmed active case among staff. There have been no reported deaths of inmates or staff due to COVID-19 at this facility and a total

of 213 inmates and 83 staff are listed as recovered. Additionally, at USP Lewisburg, 218 staff members and 608 inmates have been fully vaccinated to date.[1]

The Court acknowledges that the ongoing pandemic is an extraordinary event for our entire country and has been especially challenging for the Bureau of Prisons. However, it is against this backdrop that a defendant must show individualized extraordinary and compelling reasons why he should not be required to serve the remainder of his sentence. Here, Davis first focuses on his HIV diagnosis. While the Government acknowledges that this diagnosis puts Davis at increased risk of serious illness from COVID-19, it asserts that multiple factors weigh against a finding of extraordinary and compelling circumstances, including evidence of good CD4 counts, his prior recovery from a December 2020 COVID-19 diagnosis, and his decision to not get vaccinated despite being offered the opportunity in April and May 2021. (Gov't Response (ECF No. 103), PageID #s 473-476.) In short, the Court agrees that these factors weigh against any finding that Davis presents extraordinary and compelling reasons for immediate release based on his underlying HIV diagnosis, which the Court notes was documented in his 2016 presentence report. Likewise, for reasons adequately stated in the Government's Response, the Court finds that Davis' assertions that he was improperly designated as a career offender and failed to receive FSA time credits do not support a finding of extraordinary and compelling reasons to reduce his sentence. (Id., PageID # 477-79.)

Even assuming the Court were to find extraordinary and compelling reasons on the present record, the Court also must consider any applicable factors found in 18 U.S.C. § 3553(a). Here, these factors similarly weigh in favor of Davis continuing to serve the previously imposed

---

[1] All facility COVID-19 statistics were obtained from the BOP's website. See https://www.bop.gov/coronavirus/ (last visited 9/9/2021).

sentence. Davis was found to be criminal history category VI at sentencing due to his career offender designation.[2] He has incurred disciplinary reports while serving his sentence, most recently in July 2021. Davis has a long-documented history of substance abuse and has not yet completed residential drug treatment, although records indicate he is presently eligible for this program. Davis has presented some evidence of rehabilitation and the Court recognizes that he was considered as a candidate for home confinement by BOP with a viable release plan. However, on the record presented, the Court concludes that the § 3553(a) factors presently weigh in favor of not modifying Davis' sentence to allow for his immediate release.

Based on the Court's failure to find extraordinary and compelling circumstances, as well as the Court's consideration of the applicable § 3553(a) factors, the pending Motion for Compassionate Release (ECF No. 101) is hereby DENIED.

SO ORDERED.

          /s/ George Z. Singal
          United States District Judge

Dated this 9th day of September, 2021.

---

[2] Even in the absence of the career offender designation, Davis would have been classified as criminal history category IV.